IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PENNSYLVANIA HIGHER EDUCATION
ASSISTANCE AGENCY,

                Plaintiff,

v.                                                    CIVIL ACTION NO.   2:14-cv-00748

WILLIAM G. HOH,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Summary Judgment. (ECF 12.) For the reasons discussed herein, the Court **DENIES** this motion.

## *I.   Background*

This is an action for a judgment against Defendant arising out of a student loan that is allegedly in default. On July 25, 1988, Defendant signed a promissory note to obtain a student loan from the Pennsylvania Higher Education Assistance Agency ("PHEAA") through the Health Education Assistance Loan Program ("HEAL"), with a principal sum of $20,000 (the "Student Loan"). (ECF 13 at 1; *see* ECF 18-1 at 4–5 (providing the promissory note).) The HEAL Loan is guaranteed by the United States Department of Health and Human Services ("HHS") "and is governed by the Public Health Service Act (42 U.S.C. § 292, et seq.), the Health Education Assistance Loan Program regulations (42 C.F.R. §[] 60.1, et seq.) . . . , and [HEAL] Policy Memoranda." (ECF 18-1 ¶ 4.) "[Plaintiff] is a statutorily-created instrumentality of the

Commonwealth of Pennsylvania," (ECF 1 ¶ 1 (citing 24 Pa. Cons. Stat. §§ 5101–5199.9)), and "is the owner and servicer of" the Student Loan, (ECF 18-1 ¶ 5).

"On August 16, 1988, $11,256.00 was disbursed to [Defendant] on the Student Loan." (ECF 1 ¶ 9; ECF 13 at 2; *see* ECF 6 ¶ 4; ECF 18-1 ¶ 6.) "On or before May 19, 2013, [Defendant] became delinquent on the Student Loan . . . ." (ECF 1 ¶ 11; ECF 13 at 2.) "[Defendant] has made no payments on the HEAL Loan since prior to May 19, 2013." (ECF 13 at 2; ECF 6 ¶ 5 ("Defendant admits . . . that he has made no payments on this student loan since before May 19, 2013 . . . .").)

On January 8, 2014, Plaintiff filed the Complaint seeking "the amount of $12,261.63 of principal, interest, and late fees plus a per diem of $0.92 . . . from December 13, 2003," as well as applicable attorney fees. (ECF 1.) Sometime between the filing of the Complaint and March 6, 2014, Defendant notified Plaintiff that he is permanently and totally disabled. (*See* ECF 18-1 ¶ 13.) On March 6, 2014, Plaintiff mailed a correspondence in response to Defendant's assertion of permanent and total disability, which stated that the recipient "must complete the enclosed forms and provide additional documentation within 60 days from the date of this letter" and included attached "Physician's Certification of Borrower's Total and Permanent Disability" and "Medical Release" forms. (ECF 18-1 at 8–11.) As of September 2, 2014, Plaintiff did not receive a "return[ed] completed and signed Certification of Borrower's Total [and] Permanent Disability form." (*Id.* ¶ 14.)

Defendant filed his Answer to the Complaint, by counsel, on March 10, 2014. (ECF 6.) In his Answer, Defendant asserts that the Student Loan is not in default "due to [Defendant's] total

2

and permanent disability, which under the terms of the agreement cancels this indebtedness." (*Id.* ¶ 7.)

On September 2, 2014, Plaintiff filed the instant Motion for Summary Judgment. (ECF 12.) To date, Defendant has not filed a response.

## *II. Legal Standard*

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. That rule provides, in relevant part, that summary judgment should be granted if "there is no genuine issue as to any material fact." Summary judgment is inappropriate, however, if there exist factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). When construing such factual issues, the Court must view the evidence "in the light most favorable to the [party opposing summary judgment]." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The moving party may meet its burden of showing that no genuine issue of fact exists by use of "depositions, answers to interrogatories, answers to requests for admission, and various documents submitted under request for production." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). Once the moving party has met its burden, the burden shifts to the nonmoving party to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If a party fails to make a sufficient showing on one element of that party's

3

case, the failure of proof "necessarily renders all other facts immaterial." *Id.* at 323.

"[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256. "The mere existence of a scintilla of evidence" in support of the nonmoving party is not enough to withstand summary judgment; the judge must ask whether "the jury could reasonably find for the plaintiff." *Id.* at 252.

A party's failure to respond to a motion for summary judgment, in and of itself, does not show that the moving party is entitled to judgment as a matter of law. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993). "Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Id.*; *see also* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact . . . , the court may . . . grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it . . . .").

### *III. Discussion*

Plaintiff contends that Defendant signed the promissory note, Plaintiff owns the Student Loan, and Defendant is in default. (ECF 13.) As such, Plaintiff argues it is entitled to summary judgment. (*Id.*)

"To establish a prima facie case of a student loan default, the [plaintiff] must prove three elements: (1) the defendant signed a promissory note for a student loan; (2) the [plaintiff] owns the promissory note signed by the defendant[;] and (3) the defendant has defaulted on the note." *United States v. White*, No. 5:08–CV–348–F, 2009 WL 3872342, at *2 (E.D.N.C. Nov. 18, 2009);

4

*see also United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (providing similar elements); *HICA Educs. Loan Corp. v. Assadi*, Civil Action No. WMN–12–216, 2012 WL 3156828, at *2 n.1 (D. Md. Aug. 1, 2012) (citation omitted) (same). "After the [plaintiff] meets this burden, the burden then shifts to the alleged debtor to prove 'the non-existence, extinguishment, or variance in payment of an obligation.'" *White*, 2009 WL 3872342, at *2 (quoting *Guillermety v. Sec'y of Educ. of U.S.*, 341 F. Supp. 2d 682, 688 (E.D. Mich. 2003)); *see also Lawrence*, 276 F.3d at 197 ("Because the [plaintiff] produced sufficient evidence to satisfy its summary judgment burden, the burden shifted to [the defendant] to 'set forth specific facts showing that there is a genuine issue for trial,' not just to 'rest upon the mere allegations or denials of the adverse party's pleading.'" (quoting *Resolution Trust Corp. v. Camp*, 965 F.2d 25, 29 (5th Cir. 1992))).

In his Answer to the Complaint, Defendant admits that he signed the Student Loan documents and Plaintiff is the present owner of the debt. (*See* ECF 6 ¶¶ 2 & 4.) Defendant also admits that "he has made no payments on this student loan since before May 19, 2013." (*Id.* ¶ 5.) However, Defendant contends that he is permanently and totally disabled and, under the terms of the loan documents, the debt is therefore cancelled. (*Id.* at 2 ("Under the terms of the loan agreement, if Defendant became totally and permanently disabled, the unpaid indebtedness on the note shall be canceled in accordance with applicable federal statutes and regulations. Defendant has become totally and permanently disabled, and, therefore, the indebtedness is canceled.").)

The debt instrument in this case provides the following, in relevant part:

> If [the borrower] die[s] or become[s] totally and permanently disabled, [his] unpaid indebtedness on this Note shall be cancelled in accordance with applicable Federal statute[s] and regulations.

5

(ECF 18-1 at 5); *see also* 42 C.F.R. § 60.8(a)(10) (stating that, in the context of this type of student loan, "[t]he borrower's total loan obligation is cancelled in the event of death or total and permanent disability"). The implementing regulations pertaining to this type of student loan state that "[a] borrower is totally and permanently disabled if he or she is unable to engage in any substantial gainful activity because of a medically determinable impairment, which the Secretary expects to continue for a long and indefinite period of time or to result in death." 42 C.F.R. § 60.39(b)(1). In *United States v. Hargrett*, the court analyzed the HHS's "policies regarding the specifics of HEAL loan discharge requests" and provided the following discussion regarding the relevant procedures:

> To be discharged due to a disability, HHS policy requires that: (1) the debtor must inform the HEAL lender/holder that he or she is disabled and request a discharge; (2) the lender/holder must forward to HHS the debtor's request for discharge based on disability and stay collection activities; (3) the lender/holder must request in writing that the debtor complete and return the Physician's Certification of Borrower's Total and Permanent Disability . . . *in addition to* providing supporting documentation within sixty days from the date of the letter; and (4) upon receiving the disability documentation from the debtor, the lender/holder must send the same to HHS for review. In the event that the debtor does *not* respond with supporting documentation within sixty days, collection activity must resume. If the lender/holder receives the Disability Form and other documentation, which is facially insufficient either in content or in timing, then HHS will attempt to get additional information. The debtor then will be given an additional thirty days to provide the information requested by HHS. If HHS has enough documented information to make a formal determination concerning the debtor's status, then all collection activities must be suspended until HHS renders the decision.[1]

---

[1] The regulations relating to this type of loan provide the following broad outline of these procedures:

> After being notified by the borrower or the borrower's representative that the borrower claims to be totally and permanently disabled, the holder of the loan may not attempt to collect on the loan from the borrower or any endorser. The holder must promptly request that the Secretary determine whether a borrower has become totally and permanently disabled. With its request, the holder must submit medical evidence no more than 4 months old that it has obtained from the borrower or the borrower's representative.

42 C.F.R. § 60.39(b)(2).

6

No. 04 C 2433, 2005 WL 1950669, at *2 (N.D. Ill. Aug. 11, 2005) (citations omitted); *see also* Dep't of Health & Human Servs., Lender Policy Mem. L-95-10, Permanent & Total Disability (1995) ("Policy Mem. L-95-10") (discussing the procedures for when a borrower claims permanent and total disability).

In the present case, Plaintiff mailed a "Certification of Borrower's Total & Permanent Disability" form on March 6, 2014. (ECF 18-1 ¶ 13; *id.* at 8–11 (providing a letter from American Education Services, dated March 6, 2014, noting a request to discharge a student loan and enclosing "Physician's Certification of Borrower's Total and Permanent Disability" and "Medical Release" forms).)[2] This letter included a header with the following mailing address for the recipient:

> William G. Hoh
> PO BOX 8068
> S. Charleston, WV 25303–0068

(*Id.* at 8.)

There are questions of fact as to whether Defendant received this correspondence. In particular, this mailing address differs from the address provided for Defendant in the Complaint—which Plaintiff filed roughly *three months* before sending the March 6, 2014 correspondence. (*See* ECF 1 ¶ 2 ("Defendant Mr. Hoh is a resident of Charleston, Kanawha County, West Virginia with his last known address being at 112 Yorktowne Place."). *But see* ECF 18-1 at 6 (providing a July 15, 2013 letter from American Education Services purportedly to Defendant at the "PO Box" address regarding the delinquency of payments on the Student Loan).)

---

[2] Plaintiff filed an affidavit in which an employee of an entity associated with Plaintiff states that "American Education Services" is "a fictitious name used by [PHEAA] . . . to conduct its loan servicing operations." (ECF 18-1 ¶ 1.)

7

Additionally, the letter included a header that states "Dear Mr. Cunningham." (ECF 18-1 at 8. *See generally* ECF 6 at 3 (providing that Edwin H. Pancake—not a "Mr. Cunningham"—is Defendant's attorney of record in this case).)

Plaintiff provided the affidavit of a Loan Operations Department Supervisor, which states that, as of August 29, 2014, Defendant "has failed to return [a] completed and signed Certification of Borrower's Total & Permanent Disability form." (ECF 18-1 ¶ 14.) However, Plaintiff failed to provide any evidence that Defendant previously received letters at this "PO BOX" mailing address, that he designated this address as his mailing address, or that he actually received the March 6, 2014 correspondence.

If Defendant never received this correspondence, then he never had an opportunity to respond with the requisite information and the established administrative procedures could not occur. *See* Policy Mem. L-95-10, at 2 (providing the procedures for when a borrower claims permanent and total disability). In addition, if Defendant notified Plaintiff of a permanent and total disability and Plaintiff failed to send the appropriate forms to Defendant, then there is a stay on collection activities pending the execution of the appropriate procedures. *See* 42 C.F.R. § 60.39(b)(2) ("After being notified by the borrower or the borrower's representative that the borrower claims to be totally and permanently disabled, the holder of the loan may not attempt to collect on the loan from the borrower or any endorser."); Policy Mem. L-95-10, at 2 (stating that, once a borrower notifies a lender that he is permanently and totally disabled, "[t]he holder/servicer places a collection stay on the borrower's account" and "[t]he borrower is notified by letter of this 60-day collection stay and is mailed the Physician's Certification of Borrower's Total and Permanent Disability form"). Thus, there remain material issues of fact as to whether the Student

8

Loan is in default. Accordingly, Plaintiff is not entitled to summary judgment. *See, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (providing the summary judgment standard).

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Summary Judgment. (ECF 12.) This case is **STAYED** to provide an opportunity for the parties to follow the established administrative procedures relating to Defendant's claim of permanent and total disability. The Court **DIRECTS** Plaintiff to file a motion to end the stay at the earliest of the following: (1) Plaintiff filing evidence in this case that Defendant received the March 6, 2014 correspondence, or that Defendant designated "PO BOX 8068, S. Charleston, WV 25303–0068" as his mailing address; (2) within thirty days of the end of the sixty-day period initiated by Plaintiff's mailing of a new letter to Defendant enclosing the appropriate materials related to Defendant's claim of permanent and total disability—but only if Defendant fails to provide any materials to Plaintiff in response to this correspondence; or (3) within thirty days of HHS's initial determination regarding Defendant's permanent and total disability.

For the reasons stated above, the pretrial settlement conference scheduled for **Thursday, April 16, 2015** is **CANCELED** and the dates provided in the Scheduling Order, (ECF 9), and Supplemental Scheduling Order, (ECF 14), are **VACATED**. The Clerk is **DIRECTED** to remove this case from the Court's active docket.

  **IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:       April 13, 2015

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE